## Williams v. Williams.

(Decided May 18, 1923.)

### Appeal from McCracken Circuit Court.

1. Divorce—Evidence Held Not to Entitle Wife to Divorce for Settled Aversion of Husband Toward Her.—Evidence that a husband had frequently cursed his wife throughout all their married life and several times charged her with infidelity, but that she had cursed him about as coarsely and frequently and with as little provocation

as he did her, and that he sought to prevent her from leaving and to induce her to return, held not to show a settled aversion on the part of the husband toward the wife, which would entitle her to a divorce, under Ky. Stats., section 2117, subsection 2.

2. Divorce—Evidence Held to Sustain Finding Wife was Not Entitled to Divorce for Cruelty.—Evidence that the husband had frequently cursed his wife and had charged her with infidelity held insufficient, in view of evidence that she had cursed him and that on one occasion she had been guilty of the charge, to require reversal of the chancellor's decision that the husband had not habitually behaved toward her in such a cruel and inhuman manner as to destroy permanently her peace or happiness.

3. Divorce—Condoned Misconduct Does Not Prevent Subsequent Unfounded Charges Against Wife from Being Cruelty.—The fact that a wife has once been guilty of infidelity, which her husband condoned, does not prevent subsequent unfounded accusations by him of infidelity on her part from amounting to cruelty, especially when considered in connection with other abusive conduct and without like fault on her part.

MOCQUOT, BERRY & REED for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action for divorce and alimony by the wife, upon the ground of cruel and inhuman treatment. Her petition was dismissed, and she appeals.

By section 2117, Kentucky Statutes, a divorce may be granted to the wife, when not in like fault, for several causes not allowed to the husband, the one here asserted being thus stated:

"2. Habitually behaving toward her by the husband for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy permanently her peace or happiness."

We are clearly of the opinion that there is not sufficient proof here of a settled aversion upon the part of defendant toward plaintiff to entitle her to a divorce, despite proof that he frequently cursed her throughout the whole of their seventeen years of married life, and several times within a period of twelve months before the separation charged her with infidelity, since by all the proof she cursed him about as coarsely and frequently, and with as little provocation, as he did her, and there is as much, if not more, proof of his affection for her than of hers for him.

When she left him, he sought to prevent her leaving, and professing his love for her has tried to induce her to return on several occasions since she left, as she practically admits. Besides, he expressed in both his pleadings and his testimony, not only an affection for her, but his willingness and desire for a reconciliation, to which she will not agree. Not only so, but he testified, and she did not deny, that about five years before this separation he caught her in an act of adultery with his brother, for which he left her, but that after about two months he returned to her.

Neither do we think, under the circumstances presented by this record, that the chancellor erred in refusing to grant plaintiff a divorce upon the ground that defendant, without fault upon her part, habitually behaved toward her in such a cruel and inhuman manner as to destroy permanently her peace or happiness; and it is upon this ground alone that her counsel rely for a reversal.

In support of this contention, reference is made to cases in which we have held unsustained accusations of infidelity by the husband against the wife, or a charge of lewd and lascivious conduct, even in his answer, if unproven, considered in connection with other abusive conduct, was such cruel and inhuman conduct as to destroy permanently her peace and happiness within the meaning of this section of the statutes. Some of such cases are: Rogers v. Rogers, 17 S. W. 573, 13 Ky. L. R. 526; Hooe v. Hooe, 122 Ky. 590, 92 S. W. 317; Anderson v. Anderson, 152 Ky. 773, 154 S. W. 1.

But in our judgment we have already recited enough of the evidence to show that the doctrine of these cases is not applicable to the facts we have here. We would not be understood to mean, however, that a single act of infidelity which the husband has condoned will license him to make unfounded charges of subsequent delinquencies of a like character, or that such charges, if made and not proved, when considered in connection with other abusive conduct without like fault upon her part, may not constitute such cruel and inhuman treatment within the meaning of the statutes as to warrant a divorce to her.

But without going further into detail, it is sufficient to say, the evidence shows that the plaintiff was as much at fault as the defendant, at least so far as other abusive conduct is concerned, and that while the charges of in-

fidelity made by defendant during the last year they lived together are not satisfactorily established, there is evidence from which the truth of such charges might, but need not, be inferred, and we do not feel that we would be justified because of these charges alone in reversing the judgment of the chancellor, who was in much better position than are we to correctly appraise the value of such evidence, and where, too, the evidence as a whole is such as convinces us that plaintiff was not induced to leave the defendant because either of his abusive language or any charge he made against her.

Judgment affirmed.